IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LAUREL MOUNTAIN MIDSTREAM OPERATING, LLC, | Civil Action No. |
| Plaintiff, | **ELECTRONICALLY FILED** |
| v. | |
| JOHN SHUGLIE AND SALLY L. SHUGLIE | |
| Defendants. | |

## VERIFIED COMPLAINT

Plaintiff Laurel Mountain Midstream Operating, LLC ("LMM"), files the following Verified Complaint against John Shuglie and Sally L. Shuglie (the "Shuglies").

### I. INTRODUCTION

1. LMM brings this action to immediately and permanently enjoin the Shuglies from refusing to permit LMM to enter their property for the purpose of constructing a natural gas pipeline (the "Pipeline') despite an existing Pipeline Right-of-Way Grant between the Shuglies and LMM's predecessor in interest Atlas America, Inc. ("Atlas"). The Pipeline Right-of-Way Grant gives the holder the right to construct the Pipeline on the Shuglies' property.

2. LMM believes and, therefore, avers that the Shuglies will refuse to allow LMM to access the Shuglies' Property in order to construct the Pipeline.

3. LMM has diligently attempted to work with the Shuglies to secure unimpeded entrance to the Property for the construction of the Pipeline, and believes and therefore avers that unless the relief requested herein is granted by the Court, the Shuglies will continue their

wrongful conduct. LMM therefore seeks a temporary restraining order to prevent the Shuglies from continuing to impede the construction of the Pipeline.

4.  Enforcement of the lawful obligations owed by the Shuglies to LMM is appropriate and necessary to protect LMM's legitimate business and property interests.

5.  LMM will suffer irreparable harm for which it cannot be adequately compensated by monetary damages alone if the injunctive relief requested herein is not granted.

## II. JURISDICTION AND VENUE

6.  This Court has jurisdiction over the action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a)(1) and (a)(2), in that the Shuglies reside here, and a substantial part of the events giving rise to LMM's claims occurred here.

## III. THE PARTIES

8.  LMM is a Delaware limited liability company with a principal place of business in Tulsa Oklahoma.

9.  LMM and its predecessors are a natural gas gathering and processing business. LMM operates more than 1,800 miles of pipeline in the Appalachian Basin, which is one of the largest active gas-gathering systems in the northeast United States.

10. LMM expends substantial time, labor and money to construct and maintain its gas gathering pipeline system, including purchasing rights-of-ways, easements and other property rights from landowners.

11. LMM's rights-of-ways, easements and other property rights are some of its most valuable assets.

12. The Shuglies reside at and own property located in Westmoreland County at 119 Emerald Street, Irwin, PA 15642.

13. On September 21, 2006 the Shuglies granted to Atlas, Property rights in the form of a Pipeline Right-of-Way Grant recorded with the Westmoreland County Recorders Office on October 18, 2006.

## IV. FACTUAL BACKGROUND

### A. The Shuglies grant LMM's predecessor a Pipeline Right Of Way

14. On September 21, 2006, Atlas entered into a Pipeline Right-of-Way Grant with Adam Shuglie, Jr. and Nancy J. Shuglie (collectively "Adam Shuglie") and John Shuglie and Sally L. Shuglie (collectively "John Shuglie"). *See* Affidavit of Scott Prine ("Prine Affidavit") attached hereto as Exhibit 1.[1]

15. The Pipeline Right-of-Way Grant conveyed to Atlas and "its successors and assigns" the right to construct, operate and maintain pipelines, meters, roads and operating equipment in, over and across the property identified as tax parcel 58-02-054 at Deed Book Volume 2059, page 573 of the Westmoreland County Recorder of Deeds (the "Property"). *See* Prine Affidavit at Exhibit A.

16. Upon completion of the construction of any such pipelines on the Property, the interest holders, Adam Shuglie and John Shuglie would be paid up to $3.00 per foot for the pipeline. *Id.*

17. Prior to construction of any pipelines, Atlas was to seek the approval of the landowner, which approval "shall not be unreasonably withheld by Grantor." *Id.*

---

[1] Mr. and Mrs. Adam Shuglie, Jr. have entered into a new agreement with LMM and are not parties to this action.

**B.  Atlas Assigns the Pipeline Right-of-Way Grant to LMM**

18. On July 14, 2010, Atlas assigned to LMM the Pipeline Right-of-Way Grant for the Property (the "Assignment"). *See* Prine Affidavit at Exhibit B.

19. As a result of the Assignment, LMM now has the same rights as previously held by Atlas, the right to construct, operate and maintain pipelines on the Property.

**C.  The Shuglies Refuse to Enter into a New Agreement with LMM**

20. LMM holds a valid Assignment of the multi-line rights contained in the Pipeline Right-of-Way Grant. However, pursuant to the Pipeline Right-of-Way Grant, the Shuglies agreed to accept as payment for the Pipeline, $3.00 per foot of pipeline constructed. *See* Prine Affidavit at Exhibit A.

21. LMM approached Adam and John Shuglie with a new Pipeline Easement Agreement ("Pipeline Easement") which would reflect LMM's rights to construct, operate and maintain pipelines on the Property, and pursuant to which the Shuglies would be compensated $15.00 per foot rather than the $3.00 per foot set forth in the Pipeline Right-of-Way Grant. *See* Prine Affidavit at Exhibit C.

22. Adam Shuglie signed the Pipeline Easement and has been paid $6,762.50 which represents his interests under the Pipeline Easement. In addition, Adam Shuglie signed a Receipt and Release in settlement and discharge of all claims growing out of property damage sustained as a consequence of the installation of the Pipeline. *See* Affidavit of Scott Prine, Exhibit D.

23. Despite attempts at negotiating with John Shuglie, he has refused to enter into a new agreement with LMM. In addition, he has inexplicably refused to permit LMM to exercise

its rights and begin construction of the pipeline over the Property pursuant to the existing Pipeline Right-of-Way Grant.

C.   **The Shuglies' Unreasonably Refuse to Permit Construction of a Pipeline**

24.   In order to begin construction on the Property, a pipeline route was staked and surveyed on the Shuglies' Property in March 2010. Two alternate routes were investigated, but ultimately, it was determined by LMM that the final route was the most practical, efficient and plausible route to utilize.

25.   At that time, John Shuglie did not have an objection to the final location of the Pipeline.

26.   Despite not objecting to the location of the pipeline, John Shuglie has not permitted LMM to begin construction of the pipeline on the Property, and has demanded that he be "paid more money."

27.   LMM's obligation under the Pipeline Right-of-Way Grant is to seek the approval of the landowner on the placement of the pipeline, "which approval shall not be unreasonably withheld." *See* Prine Affidavit at Exhibit A.

28.   John Prine had approved the location of the Pipeline in March 2010, however he has refused to permit construction as he believes that he is entitled to more money.

29.   Unless LMM is permitted access to the Property to complete construction of its pipeline, it will be unable to connect the acreage, of which the Property is a part, to the LMM pipeline network and the transmission of natural gas through this portion of the pipeline network will be obstructed, and construction on other parcels will be further delayed.

30.   Moreover, the Shuglies' gas well cannot be connected to the Pipeline network, and the Shuglies will continue not to receive the benefit of having gas flow from that well.

31. Time is of the essence in completing the Pipeline project on the Shuglies' Property, as the Shuglies' Property is one of several properties to be connected to LMM's pipeline network.

**D.   Irreparable Harm**

32. LMM can demonstrate a likelihood of success on the merits and a balancing of the equities favors the issuance of a temporary restraining order against the Shuglies.

33. Unless the Shuglies are enjoined from continuing to refuse to permit LMM access to the Shuglies' Property for the purpose of constructing, operating and maintaining its pipelines pursuant to the Multiline Agreement, LMM will be irreparably harmed by:

- Inability to connect the Shuglies' acreage to the LMM Pipeline Network;
- Obstruction in the gathering and transmission of natural gas on the Shuglie to Hufford Line; and
- Damage to natural gas customer relations.

34. The Shuglies' unlawful actions are ongoing, and LMM will continue to sustain damage to its natural gas gathering and transmission operations unless the Shuglies are enjoined by the Court.

35. The entry of injunctive relief against the Shuglies is in the public interest as the enforcement of the Pipeline Right-of-Way Agreement will not result in greater harm to the Shuglies than the harm LMM and its contractors and customers has and will continue to suffer.

36. LMM has no adequate remedy at law.

## V. CAUSE OF ACTION

### COUNT I: Breach of Contract

37. The averments of the preceding paragraphs are incorporated as if fully set forth.

38. The Shuglies knowingly, and for valid consideration, entered into an Pipeline Right-of-Way Grant with LMM's predecessor, Atlas.

39. Atlas has assigned its rights to the Pipeline Right-of-Way Grant with the Shuglies to LMM.

40. By engaging in the conduct described above, the Shuglies have breached and continue to breach the terms and obligations set forth in the Multiline Agreement and Roadway Agreement, including but not limited to blocking LMM from its rights of ingress and egress over the Property in order to construct, operate and maintain pipelines and any necessary appurtenances.

41. The Shuglies's conduct was and is willful, intentional, unreasonable and unprivileged, and has caused and is continuing to cause irreparable harm to LMM.

**WHEREFORE**, LMM requests that the Court grant the relief requested in the Prayer for Relief below.

## VI. <u>PRAYER FOR RELIEF</u>

**WHEREFORE**, Plaintiff LMM, demands:

1. The Shuglies, and anyone acting in concert or participation with him, be ordered to permit entry on the Property by LMM or its agents for the construction, operation and maintenance of pipelines and any necessary appurtenances as set forth in the Pipeline Right-of-Way Grant.

2. The Shuglies be temporarily enjoined and restrained from directly or indirectly, and whether alone or in concert with others, obstructing LMM's access to the Property as set forth in the Pipeline Right-of-Way Grant.

3. Compensatory damages, including business costs and resulting business losses sustained as a consequence of the construction crews inability to begin construction of the Pipeline, in an amount to be determined by the evidence presented at trial;

4. An award of attorneys' fees, costs and expenses expended herein as allowed by law;

5. Any and all other legal or equitable relief which the Court deems just, equitable and proper.

Respectfully submitted,

By: /s/ Stanley Yorsz
Stanley Yorsz
PA ID No. 28979
*stanley.yorsz@bipc.com*
Cindy Dunlap Hinkle
PA ID No. 86318
*cindy.hinkle@bipc.com*

BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219
(412) 562-8841/1682
(412) 562-1041 (fax)

**Attorneys for Plaintiff Laurel Mountain Midstream Operating, LLC**

Dated: August 13, 2010

## VERIFICATION

I, Scott Prine, certify that I am a Senior Land Representative with Williams Field Services LLC and an Attorney-In-Fact for Laurel Mountain Midstream Operating, LLC, I have read the contents of the attached Verified Complaint, I am familiar with the contents therein, and I certify that the contents of the Verified Complaint are true to the best of my knowledge, information and belief.

_____
Scott Prine